JAMES H. HOOKER and others vs. ABRAHAM B. MATTHEWS and ALEXANDER FREAR.

It is not a matter of course to grant an order for discovery, (of books and papers, &c., of the adverse party) under the statute. And where there appears a want of due diligence on the part of the applicant, or gross negligence, if not bad faith, such an order should not be granted, or if granted, should not be upheld.

This suit is brought to recover for the transportation of flour by the

Plaintiffs for the Defendants. The venue is in Rensselaer. The cause was put at issue on the 16th of October, 1847, and on the same day noticed for trial at the Rensselaer circuit to be held on the fourth Monday of November. On the first day of November the Plaintiffs' attorneys received from the Defendants' attorney notice of a motion to be made on the first Monday of December, at Albany, for a commission to examine witnesses in the cause and also to change the place of trial from Rensselaer to New York, and an order staying proceedings until the motion should be made. The motion to change the place of trial was denied. A commission was ordered, but without a stay of proceedings. On the 19th of January the cause was again noticed for trial at the Rensselaer circuit to be held on the first Monday of April. On the 6th of March, the Plaintiffs' attorneys received a copy of interrogatories with notice of settlement for the 11th of the same month. A bill of particulars having been served by the Plaintiffs' attorney pursuant to an order for that purpose on the 24th of September, the Defendants' attorney on the 8th of March obtained an order for a *further bill of particulars*, with a stay of proceedings. The Plaintiffs' attorney served a further bill of particulars on the 22d of March. On the 18th of March papers were served with notice of a motion for the *third of April*, the day on which the circuit was to be held, to stay proceedings until the return of the commission, and also for leave to renew the motion to change the place of trial with a stay of proceedings. On the 28th of March the Defendants' attorney obtained from Justice Edmonds an order requiring the Plaintiffs, within twenty days after service thereof, to discover and produce a certain letter written by one of the Plaintiffs to another and the reply thereto, also all letters between the Plaintiffs or received by the Plaintiffs or any of them from any of their agents relating to the transportation of the flour in question—also, all entries in the books of the Plaintiffs or any of their agents relating thereto, and all other papers and documents in their possession or under their control relating to the said transportation, such discovery to be made by delivering sworn copies, &c., or in default to show cause *before one of the justices* of this court at the City Hall in New York, on the 20th day of April, why such discovery should not be made.

On the 18th of May, after hearing counsel for the parties, Justice HURLBUT made an absolute order requiring the Plaintiffs within thirty days after service of the order to deliver sworn copies of " *all letters between the Plaintiff Catlin and the Plaintiff Hooker*, relating to the transportation of the flour and also all entries in the books of the Plaintiffs or their agents, and all other letters, papers and documents relating to said

transportation." From this order the Plaintiffs' attorney appealed, and moved to vacate the same at the Columbia general term, held in June last, before Justices HARRIS, WATSON and BARCULO.

H. P. HUNT, *for Plaintiffs.*

A. K. HADLEY, *for Defendants.*

By the Court, HARRIS, Justice.—From the proceedings in this cause, as detailed in the papers upon which this motion is founded, I cannot resist the conclusion that the orders for the discovery of books and papers were obtained by the Defendants, more for the purpose of delay than because such discovery was deemed necessary to enable the Defendants to prepare for trial. They had succeeded in preventing a trial at the November circuit, by an application for a commission, and to change the place of trial. Four months intervened before the next circuit. The Plaintiffs had noticed the cause for trial a month and a half before the time for holding the circuit. But *four* days before the commencement of the circuit the alternative order for a discovery was received by the Plaintiffs' attorneys. The effect of this order was to deprive the Plaintiffs of an opportunity to try their cause at that circuit also. If the discovery were indeed regarded by the Defendants as indispensable to the defence, it is difficult to see, at least from any thing before the court, why they should omit making application for the discovery from the time the cause was first noticed for trial on the 16th of October until the 28th of the ensuing March. The application for a stay of proceedings until the return of the commission, and the order for a further bill of particulars, obtained almost simultaneously with the order for a discovery, leave little room to doubt that the controlling object of the Defendants was delay. It is not a matter of course to grant a discovery under the statute. Some degree of diligence, at least, should be shown, and where, as in this case, it appears that the party making the application is chargeable with gross negligence, if not with bad faith, the order for a discovery ought not to be granted, or, if granted, should not be upheld. The motion to vacate the order made by Justice HURLBUT, on the 18t of May last, must therefore be granted.